UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NOEL GRAY | ) C/A No. 4:11-00227-CMC-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| WARDEN ROBERT M. STEVENSON, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Noel Gray (Petitioner/Gray), is currently incarcerated at Broad River Correctional

Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254[1] on January 31, 2011. Petitioner filed a motion for summary judgment on May 17,

2011, a motion for Writ of Mandamus on May 19, 2011, and a motion for default judgment on June

22, 2011. (Docs. # 27, 28, and 40). Respondent filed a motion for summary judgment on July 20,

2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order

filed July 22, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising

Petitioner of the motion for summary judgment procedure and the possible consequences if he failed

to respond adequately. (Doc. #46). Petitioner filed a document on August 8, 2011, entitled "Bad

Faith Conduct by Respondent . . ." which was docketed as a response to the motion for summary

judgment. (Doc. #53). In this filing, Petitioner asserts that his legal mail was opened by Officer

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Thomas Cox, a Broad River Correctional Institutional employee. Respondent filed reply in opposition denying bad faith or prejudice. (Doc. #53).

## MOTION FOR DEFAULT JUDGMENT

Petitioner filed a motion for default judgment on June 22, 2011, asserting the Respondent did not file an answer within the allotted time and that "summary judgment was entered in the civil docket in the Office of this honorable Clerk on the 19th day of May 2011, for the Respondent's failure to respond no later than fifty (50) days from date of service." (Doc. #40).

The court's docket sheet reveals the Respondent was served on March 25, 2011. On May 19, 2011, Respondent filed a motion for extension of time to respond which was granted by Order on May 24, 2011. (Doc. #30). Respondent was given until June 20, 2011, to file a response or otherwise plead. Id. On June 20, 2011, Respondent filed a second motion for extension of time which was granted on June 21, 2011, for good cause. Respondent was given until July 20, 2011, to file a response. Respondent filed a motion for summary judgment along with a return and memorandum to the petition on July 20, 2011.

Accordingly, Respondent filed a timely response. Therefore, it is recommended that Petitioner's motion for default judgment (doc. # 40) be denied.

## PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner, Noel Gray, Jr., #307590, (Gray) is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Aiken County convictions. The Aiken County Grand Jury indicted Petitioner at the August 2004 term of court for two counts of criminal sexual conduct with a minor in the second degree. App. pp. 299-305. Kelley Perkins Brown, Esquire, represented him on these charges. On January 31-February 2, 2005, he received a jury trial before the Honorable Jackson V. Gregory. The jury found him guilty as charged; and Judge Gregory sentenced him to life imprisonment on each count. App. pp. 1-259.

Gray timely served and filed a notice of appeal. Assistant Appellate Defender Eleanor Duffy Cleary represented him on appeal. On September 21, 2006, Ms. Cleary filed a Final <u>Anders</u> Brief of Appellant and petitioner to be relieved as counsel. Supp. App. pp. 2-15. The Final <u>Anders</u> Brief presented the following issue for review:

> Whether the trial judge erred by sentencing appellant to life without possibility of parole where his prior conviction from Georgia for aggravated child molestation was not for an offense that would be classified as a most serious offense in South Carolina?

Final <u>Anders</u> Brief at 3. Supp. App. p. 5. Gray thereafter made his pro se response to the <u>Anders</u> brief submitted by appellate counsel, which he styled "Final Pro Se Brief of Appellant." Petitioner raised the following issues, *pro se*:

> [1].    Whether the "State" erred by using "Prosecutorial Misconduct" and "unfair Prosecution tactics" as well as making "Bias Remarks" towards appellant to the "Jury" during opening statements, and by allowing a "Law Enforcement Officer" to commit a[n] "unlawful act" of "Perjury" while under oath. As well as Linda B., K. B., M. W. And using "Professional Medical Experts" to bolster the credibility of the witnesses "Due to false testimony" given to the jury "Admitting to Lying to the jury" and violating appellant's "Sixth and Fourteenth Amendments unconstitutionally." and by the "State" violating appellant's

3

> "Federal" "Interstate Agreement on detainer's Act" I.A.B.A. in which was filed by "Federal Authorities" (3 violations on State).
>
> [2].    And a violation of the "State" by sentencing appellant to "Life Without Parole" under the "S.C. Code of Laws 17-25-45 unlawfully" in which "cost the appellant his Life"these violations from the "State" and the "Judge" was unconstitutional and illegally unfair."

Final *Pro Se* Brief of Appellant at p.3.

On January 11, 2008, the South Carolina Court of Appeals dismissed Gray's appeal and granted counsel's motion to be relieved. State v. Noel Gray. It sent the Remittitur to the Aiken County Clerk of Court on January 30, 2008. Gray filed a *pro se* Post-Conviction Relief (PCR) Application on April 18, 2008. Petitioner alleged the following grounds for relief in his PCR Application:

1.    "Violation of Federal Interstate Agreement on Detainers Act."

2.    "Ineffective assistance of trial counsel."

3.    "Subject matter jurisdiction."

App. pp. 260-65. The State filed its Return on December 29, 2008. App. pp. 266-70.

The Honorable Doyet A. Early, III, held an evidentiary hearing into the matter on February 2, 2009, at the Aiken County Courthouse. Petitioner was present, and Bradley Boni, Esquire, represented him. Assistant Attorney General Mary S. Williams represented the State. Gray testified on his own behalf, while the State presented the testimony of trial counsel, Ms. Brown. App. pp. 271-88.

On April 6, 2009, Judge Early filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Gray's claims that trial

4

counsel was ineffective because she failed to (1) challenge a violation of the Interstate Agreement

on Detainers Act, S.C. Code §17-11-10 (Supp. 2011) ("IADA"); and (2) challenge Gray's sentence

under South Carolina's "recidivist statute," S. C. Code Ann. §17-25-45 (Supp. 2004). App. pp. 292-

97.

Petitioner timely served and filed a notice of appeal. Deputy Chief Appellate Defender

Wanda H. Carter represented him in collateral appellate proceedings. On December 2, 2009, Ms.

Carter filed a <u>Johnson</u> Petition for Writ of Certiorari on Gray's behalf and petitioned to be relieved

as counsel. The only question presented in the <u>Johnson</u> Petition was stated as follows:

> Did counsel err[] in failing to object to petitioner's LWOP sentence
> under 17-25-45 in order to preserve the issue for appellate review
> because the prior conviction used to enhance sentencing did not
> qualify as a most serious offense under South Carolina criminal
> sexual conduct offenses?

<u>Johnson</u> Petition for Writ of Certiorari at p. 2.

Petitioner subsequently filed his pro se response, in which he alleged that:

> 1.    Inadequate representation of P.C.R. Counsel.

App. pp. 260-65.

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's

petition to be relieved on December 2, 2010. It sent the Remittitur to the Aiken County Clerk of

Court on December 21, 2010.

## HABEAS ALLEGATIONS

Petitioner filed his petition on January 31, 2011, in which Petitioner raises the following

allegations:

GROUND ONE:        Prosecutorial misconduct, using prejudicial comments
                   to   confuse jury by their duty and sympathy for

5

alleged victim, vouching and bolstering medical experts, ineffective assistance of trial counsel.

SUPPORTING FACTS: Trial counsel was ineffective for failing to object to Solicitor's improper vouching for witnesses credibility in opening statements and using professional medical experts and mom and Mike Williams to bolster the alleged victim's credibility, because of no physical evidence to prove guilt, used key witnesses and their credibility was crucial to State's case. Prosecutor essentially gave personal assurance of the witnesses veracity in "religiously" tinged language prejudiced defendant to a fundamentally full and fair and complete trial by jury in which cost defendant his life.

GROUND TWO: Trial counsel's failure to obtain expert witnesses and failing to research alleged victim's A.D.D. disorder in which was not diagnosed by a doctor.

SUPPORTING FACTS: Alleged victims inconsistent statements used as consistently; letter to police dated 11-22-01 never done anything bad to her or her mom, police reports dated 9-11-02-never touched her or hurt her and her mom in any way. He's like a father to me. Admitting to vandetta[sic] because petitioner left mom - she calls police and files a C.D.V. charge on defendant and he was not there.

GROUND THREE: Trial counsel is ineffective for failing to empeach[sic] L. B.'s testimony in which was used to bolster and inflame the minds of the jury and perjury.

SUPPORTING FACTS: Solicitor starts by leading and coaching witness. Linda's inconsistent statements used as consistent and pitting her testimony. Counsel failed to motion curative instructions to jury. L.B. admitted to lying to jury, D.S.S., police. L. admits to participating in sexual encounters with daughter but police was not even aware of any of this taken place. L. writes letter to police 11-22-01. She desperately needs him home. Police reports dated 9-11-02 - never leaves children alone, never saw any inappropriate contact between defendant and daughter.

6

GROUND FOUR:                Trial counsel's failure to empeach[sic] Mike William's testimony which was unconstitutional and bolstered the alleged victims testimony.

SUPPORTING FACTS:      Mike and Linda were friends for 25 years. How Linda and husband were separated and he took Linda and daughter in. Inconsistent statements used as consistent; seen petitioner shaving girls legs, goes into bathroom while a girl was in shower and sees her private parts, gets petitioner arrested November 13, 2001 for probation violation, Mike and Linda pays $1,000.00 for restitution, pays $3,000.00 for attorney in Georgia, gets petitioner out of jail March 2002, writes letter to police 11- 30-01, got job waiting for petitioner he's a big asset for my company.

GROUND FIVE:              Trial counsel ineffective for failing to impeach testimony of Inv. Blevins #4163 for perjury and failure to properly investigate alleged crime that never occurred.

SUPPORTING FACTS:      "Direct Exam" Inv. Blevins states he was assigned this case by his supervisor September 11, 2002 and questioned alleged victim at school and talked to her mom and case was closed as unfounded. Police reports dated September 11, 2002 was assigned to Inv. Tim Randall #4122 and Inv. Hugh Ray of the New Ellenton Police Department. "See Federal Indictment U.S.A. vs. Noel Gray - Crim. No.# 1:03-263 and P.S. I "The Offense" Part A #9 - Inv. Blevins never investigated this alleged crime in Sept. 11, 2002. The defendant was at this residence on the day of interview with "mom." Inv. Belvins never hit the scene until Sept. 30, 2002. . . Inv. Belvins never questioned or spoke to the defendant "never" about this alleged crime. Inv. Belvins never knew that alleged victim states "Mom participated" in this crime until trial. Alleged victim was interviewed by doctor at the A.R.C.(State). And Inv. Belvins never set in this interview nor does he know what was said. He was there but set outside. And never investigated anyone else concerning this alleged crime. Statements from alleged victim" . . .

GROUND SIX:             Trial counsel failed to challenge the trial courts denial of Directed Verdict Motion which was preserved for Appellate Review.

SUPPORTING FACTS:      Defense counsel made motion for directed verdict to all charges. The State could not prove its case and there was no credible evidence to support elements of sexual battery/penetration however, cite to C.S.C. with minor (2)(3) 2001-2002 in which is required by law under S.C. Code of Law Section 16-3-655(2)(3). Trial counsel then violates defendant's constitutional rights to effective assistance of counsel under the Strickland Rule, by requesting motion not to sexual battery elements or evidence, but motion for the court to move in a form of a jury charge request. That the petitioner was not in position of authority or custody. "Very prejudicial and trial court is fully aware of this unconstitutional act, in which trial court stated "you actually want that?" extremely prejudicial and bias and fundamentally unfair request. Ineffective assistance of trial counsel under the Strickland Rule. Trial counsel and trial court violates petitioner's due process of rights to a constitutional and fundamentally fair trial, and also abuses his discretion of law by denying motion to directed verdict and mistrial because there was plenty of evidence "not true." There was no credible evidence to prove the State's case "elements" beyond a reasonable doubt. Counsel renews her motion again to preserve it for Appellate review and again failing to bring this issue to light in stead of filing a Anders petition on petitioner. Trial counsel failed to challenge this unconstitutional trial court decision. Trial court violated petitioners 6th and 14th Amendments and the 5th and the 9th Amendments to the U.S. Constitution to a Fundamentally Fair and Full Trial.

GROUND SEVEN:          Trial counsel was ineffective for failing to impeach testimony of Dr. BETHEA who  was used to bolster the credibility of the alleged victim, and giving information that was not scientifically researched or proven by documents. "Hearsay Testimony".

8

SUPPORTING FACTS:    Dr. Bethea "Professional Medical Expert" - "State's witness" questioned by direct exam Solicitor, her physical exam on alleged victim concerning sexual assault was negative. "Her job was to document any objective evidence of any physical sexual abuse. Dr. Bethea told the jury that this exam was "Normal" no abrasions, no bruises, no bleeding, no scars, nor abnormalities that would suggest sexual assault. Including a sexual assault rape kit, "D.N.A. Probe" in which was not provided in Rule 5 Discovery and trial counsel failed to petition court for this vital information that would have exonerated her client from being accused and acquitted on all charges and from being sentenced to life without parole under S.C. Code of Law Sect. 17-25-45 recidivist statute. In which was illegal and unconstitutionally administered. This testimony was not to prove or provide any relevant evidence, but to arouse the jury's suspicions. Also it did not prove guilt or innocense just to corroborate prior testimony that something could have happened. Trial counsel failed to obtain complete discovery, failed to present any expert witnesses to rebutt the irrelevant testimony of this doctor of the state. Serious, <u>Rogers</u> violation, and <u>Brady</u> violation as well. This testimony was extremely bias, prejudiced petitioner to a constitutional fundamentally fair trial in which violated his 5[th], 6th, and 14th Amendments under the U.S. Constitution.

GROUND EIGHT:    Trial counsel ineffective by failing to present witnesses that could have acquitted the petitioner's case on all charges.

SUPPORTING FACTS:    Before petitioner's trial, petitioner had Inv. Bennie Williams a Forensic Investigator for the Aiken County Public Defenders Office to subpoena Inv. Tim Randall #4122 a C.S.D. and Inv. Hugh Ray of the New Ellenton Police Department, who was the initial investigators who dismissed the case, attorney George Bush, Esq. of Augusta, Georgia whom L.B. and Mike Williams "see transcripts" that paid $3000.00 to obtain for petition, letters and pictures and other documents that never showed up at trial or hiring any

9

professional medical experts to attack states witnesses testimony. This is unconstitutional and fundamentally unfair. Attorney George Bush hired by states witness December 2001 thru March 26, 2002 "Probation Violation in Georgia.

GROUND NINE:      Trial counsel failed to empeach[sic] State's witness, Dr. Benedetto who was a Forensic Evaluator for the A.R.C. who impermissibly inflamed the minds of the jury and bolstered the credibility of the alleged victim.

SUPPORTING FACTS:      Dr. Benedetto was a expert child abuse trauma and forensic evaluator. Dr. Benedetto questioned the alleged victim while Inv. Blevins sat outside of the hearing of this meeting. This testimony violated petitioner's constitutional rights to Due Process and a fundamentally fair trial. "Constitutionally unfair."And it also violated the Brady Rule and the Rogers Rule. This testimony was used to corroborate and bolster the alleged victims and Dr. Bethea's testimony. And was irrelevant, extremely prejudicial, trial counsel failed to object to prosecutorial misconduct and using unfair prosecutorial tactics in which violated petitioner's constitutional due process of law to a fundamental, fair trial. See also Motion for Directed Verdict and Mistrial Motion Denied. Unconstitutional and also extremely prejudicial by allowing Dr. Benedetto and solicitor to inflame minds of jury by misleading and unlawfully using scrumpert law.

GROUND TEN:      Trial counsel failed to challenge trial court's denying of directed verdict motion and mistrial motion.

SUPPORTING FACTS:      Under State v. Johnson the State had the burden to prove the elements of sexual battery/penetration in this C.S.C. w/ minor 2nd and 3rd case. Dr. Bethea's testimony, State's witness - that there were no signs of penetration/sexual battery, therefore there was no sexual assault committed. Direct exam Dr. Benedetto (Issue 9) trial court stops trial in front of jury - chastising Solicitor about "rape trauma" and the forcible aspect of it. This was extremely prejudicial to

the petitioner and trial counsel failed to object to bias prosecutorial misconduct and using unfair prosecutorial tactics. Also inflamed the minds of the jury. Trial court was full aware of confussions[sic] of act and law that this has to the jury. Trial counsel then questions the credibility of the witnesses, and again chastises the solicitor again about cherry picking questions that would seem to him it has a danger of "stops sentence." Trial court heared[sic] this very prejudicial statements and misconduct in which was Bias, Fundamentally unfair and shocking to the universal sense of Justice and extremely prejudicial. And also deprived the petition of his equal protection of the law clause. And is unconstitutional. And for the Trial Court to abuse his Discretion by Law by denying the motions of Directed Verdict and Mistrial was very prejudicial and violated the petitioners Due Process of Law. . .

GROUND ELEVEN:     Trial counsel failed to argue Inconsistent statements given as consistent from State's witnesses and vouching for the credibility of the witnesses, and bolstering inconsistent statements and State's violation of motion in argument (Ground Ten) to supress[sic] elements that the petitioner was not in position of authority or custody in closing arguments by solicitor.

SUPPORTING FACTS:     In closing arguments, there was no evidence to prove State's case or to prove what the state is telling the jury is facts, the only evidence provided was conjecture and suspicion in which derived from inconsistent statements that the State vouches for the credibility of witnesses. Very prejudicial. Trial counsel made late objection and a Bench conference is held arguing of facts not in evidence. A serious Brady violation, without any further objection. In directed verdict motion "court granted" that the petitioner was not in position of authority to custody elements out in closing arguments. Trial Counsel failed to object to this Motion violation. Prosecutoral[sic] misconduct and allowing the solicitor to use unfair Prosecutoral[sic] tactics. This is very harmful error in Trial Counsels behalf. This

violation should have granted a Mistrial. Trial Court, Solicitor and Trial Counsel violated the petitioners Due Process of Law and violated his constitutional rights to a Fundamentally Full and Fair Trial by Jury. . . .

GROUND TWELVE:          Trial counsel failed to confer with petitioner by filing a joint motion on behalf of the State and violating the Petitioner's Interstate Agreement on Detainers act contract and helping the State to prosecute him.

SUPPORTING FACTS:       May 5, 2004, Federal Government Bureau of Prisons files 120 day fast and speedy trial on Petitioner under Article V(e) of the I.A.D.A. Sept. 1, 2004 Aiken County Sheriff's Dept. Picks petitioner up in Lexington Kentucky Federal Medical Center. May 11, 2004, Solicitor's office receives IADA contract. Nov. 11, 2004 is the deadline to this contract. The Petitioner did not go to trial. Deadline violated. August 3, 2004 case indicted in General Sessions Court . . .

GROUND THIRTEEN:        Appellate counsel failed to argue all issues in the petitioner's transcripts that were very serious due process of law and constitutional violations that deprived petitioner of a fundamentally Fair and Full Constitutional Appeal.

SUPPORTING FACTS:       February 9, 2005, Trial counsel filed Appeal on petitioner's case. July 28, 2005 petitioner had to write to Clerk of Court to find out who his Appeal Counsel was due to her not communicating with the petitioner. The petitioner wrote Appellate Counsel up with the Disciplinary Counsel on October 27, 2005, Eleanor D. Clearly 05-DE-L-1221 because she never wrote or sent transcripts to him. February 16, 2006 a response from appellate counsel concerning his letter. She filed an Anders brief on Petitioner knowing that there were many serious issues of Due Process Violations in the petitioner's transcripts. Issue 1: Transcripts proved vendetta, also see Ground Six, where appellate counsel failed to argue motion of directed verdict and mistrial motion that were preserved for appellate review. Also evidence of prosecutorial misconduct

was appellate counsel's failure to bring out. Appellate Counsel abandoned petitioner's only defense and deprived the petitioner of his first bite of the apple in which he is entitled too. Appellate Counsel also wrote the petitioner February 16, 2006 that she filed a Anders brief and she filed good issue in which was dismissed in P.C.R. Appellate Court will not second guess a jury's determination of guilt, as long as there is any evidence to support it. . . .

GROUND FOURTEEN:     Petitioner's post-conviction relief hearing was fundamentally unfair because the State did not attempt to aid petitioner to his Due Process of Rights to a Fundamental Full and Fair PCR.

SUPPORTING FACTS:     P.C.R. Judge's decision was erroneous in his ruling, at PCR, and PCR was not decided "on the merits" because 1) the results was not what the State courts have done in the past on similar cases; 2) the history of my "appeals;" "state" clearly shows and suggests that petitioner would have been "granted" relief earlier; 3) the State court's judgment was not a reliance upon procedural grounds or a determination to satisfy 28 U.S.C. Section 2254(d)(2). Also the petitioner was not afforded to a Fundamentally Fair Opportunity to be heard on all his issues to corroborate the Trial Witnesses Testimony. Also, Trial Counsel's Constitutional Ineffectiveness for failing to obtain Expert testimony, and how not having Expert Testimony at Trial denied the petitioner of a Complete defense and a fundamentally Full and Fair Trial. Petitioner's PCR was also fundamentally unfair because; (1) expert witnesses were not called to verify that an expert's testimony at trial would have made the trial results different; 2) Lay witnesses were not called as well to illustrate that the petitioner was denied a complete defense and a fundamentally fair trial; 3) D.N.A. results and records were not provided for defense to demonstrate a different trial result; 4) trial counsel failed to do a pre-trial investigation, the demonstration of this allegation at PCR would have made this State appeal result differently; 5) trial counsel's failure to object to or argue inconsistent statements in various witnesses'

13

testimonies were not fully developed at PCR hearing to substantiate that petitioner was denied a complete defense and a fundamentally fair prosecution, because these matters were not fully developed at trial Stage; 6) the State Courts have consist[e]ntly violated their obligation with the Federal Government under the Interstate Agreement on Detainers Act. That Trial Counsel would violate her clients Due Process and not act on his best legal intrest[sic] by acting on behalf of the State in which is a very serious Strickland violation by siding with the State a filling for and Order of Continuance on a Joint Motion aiding the Sate to obtain more time. The terms of the I.A.D.A. agreement stipulated that the State charges were to be disposed of by November 11, 2004. . .

GROUND FIFTEEN: Clerk of Court Mr. D.E. Shearouse deprived the petitioner to be able to file PCR violation of due process in which deprived the petitioner of a fundamentally fair PCR.

SUPPORTING FACTS: After petitioner's PCR April 6, 2009, petitioner filed an inadequate representation of PCR counsel and petitioner communicating with PCR Judge before trial concerning trial counsel ineffectiveness. This was filed to the State Supreme Court, Clerk of Court on July 7, 2009, and to the Attorney General's Office on July 2, 2009, as well in reference to unfair PCR (Fundamentally) July 8, 2009 Clerk of Court denies the filing. States I am represented by counsel in this matter. In which I was not. June 17, 2009 Ms. Loriene French Legal Services Coordinator for Division of Appellate Defense states in letter that I was eligble for representation by this office, and waiting for court reporter to provide copy of my transcripts, which would take at least 2 months and probably longer. . .

GROUND SIXTEEN: 1) S.C. Supreme Court Clerk of Court's office received an Order for the court to make Ms. Mary Perry, Sled; 2) Aiken Clerk of Court; 3) Aiken Public Defender's office; 4) Aiken Solicitor's office to produce vital records for petitioner's case in State writ that was denied. In which deprived petitioner of a fundamentally fair writ of certiorari.

14

**SUPPORTING FACTS:** Petitioner wrote to Ms. Mary Perry "SLED" Aiken County Clerk of Court and Aiken Public Defenders office on September 9, 2009 and Aiken County Solicitors Office on September 21, 2009 requesting All documentation concerning his case of its intire[sic] contents. . .

**GROUND SEVENTEEN:** Writ of Certiorari - appellate counsel deprived petitioner of a fundamentally fair writ of certiorari by filing a Johnson Petition on petitioner when evidence of merit was shown. And abandoned his only defense.

**SUPPORTING FACTS:** Appellate defense, Wanda H. Carter filed a Johnson Petition on petitioner's case on December 2, 2009, said it was without merit - deprived petitioner of a fundamentally full and fair writ of certiorari. Petitioner filed Pro-se brief as well as a Motion to Opposition to Johnson petition on December 8, 2009. That her Johnson Petition violated my Due-Process Clause under the 6th and 14th Amendments of the Untied States Constitution and that petitioner's case had many flagrant Constitutional violations. January 7, 2010 it was denied.

**GROUND EIGHTEEN:** Appellate counsel, Wanda H. Carter and PCR court reporter deprived petitioner of a fundamentally fair writ of certiorari by altering his appendix transcripts and State Supreme Court deprived petitioner of a fundamentally fair writ of certiorari when petitioner proved beyond a reasonable doubt that transcripts were altered, in which is fundamentally, unfair and shocking to the universal sense of justice and deprived petitioner of his 5th, 6th and 14th Amendments of the United States Constitution and violated his due process of law and deprived petitioner of his equal protection of the law clause.

**SUPPORTING FACTS:** Petitioner's Appendix Transcripts were completed by Ms. Lisa H. Davenport July 28, 2009. Swore that this record was true and complete (violated). December 4, 2009 Appellate Counsel Wanda H. Carter sends petitioner the Appendix by U.S. Mail. Upon research of this record. I realize that very important and vital information has been extracted from this record. Mostly evidence to petitioner's innocense. December

8, 2009 petitioner files to the South Carolina Court Administration complaining about altered transcripts. December 22, 2009 the court administration returns letter that a procedure was in place to challenge a transcript. December 30, 2009 Appellate Counsel files Petition for leave to obtain Court Reporter's tapes. January 8, 2010 Appellate Counsel writes to petitioner asking him to specify which pages are incorrect and missing indictments in Appendix. In which the Court Administration sent to her complete details on missing portions; January 13, 2010 I write Wanda H. Carter up with office of Disciplinary Counsel for altered transcripts and filing an <u>Johnson</u> petition when there was plenty of merit to win this writ of certiorari in which was fundamentally unfair. . . . The Couth Carolina Supreme Court State violated the petitioners Due Process of Law and denied him Equal protection of the law in which is unconstitutional and fundamentally unfair and shocking to the universal Sense of Justice.

GROUND NINETEEN:        The South Carolina State Supreme Court deprived the petitioner of a Fundamentally Fair Writ of Certiorari by not honoring his pro se brief that was filed December 29, 2009 and a subject matter jurisdiction amendment, that was filed October 1, 2009.

SUPPORTING FACTS:       After petitioner's P.C.R., P.C.R. Counsel would only argue 3 issues; 1) Ineffective Assistance of Trial Counsel; Federal I.A.D.A. violations of contract, subject matter jurisdiction. Upon denial of P.C.R. Judge Early never ruled on subject matter jurisdiction in which was one of petitioner's most valuable issues on Pro Se Brief dealing with Ineffective Assistance of Trial and Appellate Counsel. Trial Court error of Law; Perjury, Prosecutorial Misconduct, Vandetta[sic], I.A.D.A. contract violations. This Pro-Se Brief contained plenty of Evidence to show that this conviction is unconstitutional an illegal. Appellate Counsel was given this Amendment to file into Court. . . .

GROUND TWENTY:          The South Carolina State Supreme Court violated petitioner's due process of law by not filing a pro se

16

motion of extraordinary writ and motion to proceed in forma Pauperis.

SUPPORTING FACTS:    January 14, petitioner sent Clerk of Court a Motion for Production of Evidence for Scientific Testing, and a Motion for Extraordinary Writ and a Motion to Proceed in Forma-Pauperis. I asked the Clerk to Issue me a summons filed Number on Page 3 so I can serve the Attorney Generals Office, Jon Ozmint Director of S.C.D.C. and the Warden of Broad River Corr. Insti. Because I am innocent of the charges that I am accused of and my life was falsely taken with a LWOP sentence.

GROUND TWENTY-ONE:    Trial counsel ineffective for failing to impeach testimony of alleged victim concerning inconsistent statements used as consistent and also vendetta against petitioner.

SUPPORTING FACTS:    In direct exam, alleged victim gives testimony that was not diagnosed by a doctor on alleged A.D.D. disorder. But alleged victim has trouble remembering things "most important", also she showed several inconsistencies in her statements 1) she believed that the petitioner stayed with her and her mother back in 2001, now she states that petitioner and mom slept in a room versus tent; 2) first sexual incident she alleged was in livingroom where her and a 13 year old boy slept on 2 separate couches. Then this alleged incident occurred more than one night time; 3) then it always happened at night time while 13 year old boy slept on other couch. No statements from boy "sometimes the covers wasn't over her half naked body when these incidents occurred with everyone in the house asleep and 9 chihuahuas running around; 4) then he would hurt me if I told; 5) she wouldn't tell because she was afraid that he would go to jail. Then she was afraid that her and her mom would get into trouble; 6) she's not afraid of getting her mom in trouble; 7) now she said these acts happened in a room where her mom slept; 8) now she doesn't know if it happened one or more times in the room; 10)[sic] then it happened in the tent where mom and petitioner slept; 11) mom in bed with them; (12) petitioner shaving her legs while she was naked in the shower, "however she does not

17

remember if the petitioner was actually in the shower with her. Nor does she remember whether it was actually in the bathroom, but not in the shower; (13) now her and petitioner had sex in kitchen; (14) now her and petitioner and her mom moves to a trailer; (15) now petitioner having sex with her in her own room, mom was in another room; (16) mom not participating this time; (17) she remembered Inv. Blevins speaking to her at school, but did not tell him what petitioner was doing to her because she did not want him to go to jail "note see September 11, 2002 police reports" perjury; (18) She talks to Inv. Blevins again at his office when petitioner wasn't living there, she tells him what the petitioner allegedly done to her because she knows the petitioner wasn't going to do anything to her; (19) now on (cross-exam) she states she did not tell Inv. Blevins everything that was going on or her mother's involvement; (20) she didn't know that her mom already knew this was going on. "Although she testified that her mom was in the bed with her and petitioner and had actually participated; (21) then she did not know what was going on, but she didn't want her mom to get into trouble "originally she told Solicitor Chandler back in October last year (2004) that mom was involved and knew it was happening "But Inv. Blevins did not know this information until now "prosecutorial Misconduct and using unfair tactics". Ineffective assistance of Trial counsel. Violation of petitioners Due-Process under the 6th and 14th Amendments of the Untied States Constitution, Extremely Prejudicial and no one else knew that was going on. 22) now she writes letter to police Nov. 22-2001 stating that petitioner has never done any thing bad to her or her mom nor did she write saying she was scared of petitioner and that he was doing bad things to her. . .

(Petition).

## STANDARD OF REVIEW

18

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**PROCEDURAL BAR**

19

A.  Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts.  Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue.  See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[2]  As stated by the Supreme Court:

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3]  §2254(b) and (c) read as follows:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

------

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B.  Cause and Actual Prejudice

In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure,  Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

 If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In <u>Kornahrens v. Evatt,</u> 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## ANALYSIS

Ground One

In Ground One, Petitioner argues that counsel was ineffective for failing to object to the Solicitor's improper vouching for witnesses credibility in opening statements and to the Assistant Solicitor using professional "medical expenses, mom and Mike Williams"to bolster the victim's credibility because there was no physical evidence to prove guilt, credibility was crucial to the State's case.

Respondent argues that Ground One consists of two allegations of ineffective of counsel. However, Respondent argues that both allegations are procedurally defaulted because Petitioner failed to properly raise them in state PCR. Respondent asserts that Petitioner did raise on direct appeal a substantive claim of prosecutorial misconduct in the "Final Pro Se Brief of Appellate" which was his pro se response to the <u>Anders</u> Brief. However, Respondent argues that Petitioner did not and could not properly raise an ineffective assistance of counsel claim on direct appeal and did not present these as claims of ineffective assistance of counsel in PCR.

This claim of ineffective assistance of counsel was not raised in the PCR application and/or ruled upon by the PCR Court in its Order of Dismissal dated July 21, 2008.[4] Even if, for the sake of argument, the issue was raised but not ruled upon, Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP.[5] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[6] Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground One be dismissed as procedurally barred.

Ground Two

---

[4] Petitioner raised a claim of prosecutorial misconduct on direct appeal in his Pro se Brief in response to the Anders brief. However, Petitioner did not raise the grounds of ineffective assistance of counsel that he asserts in Ground One of his habeas petition in his PCR application and/or obtain a ruling from the PCR court.

[5] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[6] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

In Ground Two, Petitioner argues trial counsel was ineffective because she failed to obtain expert witnesses and she failed to research the Victim's ADD disorder which was diagnosed by a doctor. (Petition). Respondent argues this issue is procedurally defaulted as it was not raised in state PCR.

This claim of ineffective assistance of counsel was not raised in the PCR application and/or ruled upon by the PCR Court in its Order of Dismissal dated July 21, 2008. Even if, for the sake of argument, the issue was raised but not ruled upon, Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP. Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007). Therefore, this claim is procedurally barred from review in federal habeas corpus. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Two be dismissed as procedurally barred.

Ground Three

In Ground Three, Petitioner asserts trial counsel was ineffective for failing to impeach L.B.'s testimony which was used to bolster and inflame the minds of the jury and perjury. Respondent argues this issue is procedurally defaulted as it was not raised in state PCR.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Three be dismissed as procedurally barred.

25

Ground Four

In Ground Four, Petitioner asserts counsel was ineffective for not impeaching "Mike William's testimony which was unconstitutional and bolstered the alleged victims testimony." (Petition). Respondent asserts this issue is procedurally barred from federal habeas review.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Four be dismissed as procedurally barred

Ground Five

In Ground Five, Petitioner argues that counsel was ineffective for failing to impeach testimony of Inv. Blevins for perjury and failure to properly investigate alleged crime that never occurred."  Respondent asserts this issue is procedurally barred and Petitioner cannot show cause for the default.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Five be dismissed as procedurally barred.

Ground Six

26

Petitioner alleges that counsel "failed to challenge the trial courts denial of directed verdict motion which was preserved for appellate review." (Petition). Therefore, Plaintiff asserts that trial counsel rendered ineffective assistance of counsel by failing to challenge the trial court's denial of counsel's motion for directed verdict. Respondent argues this issue is procedurally defaulted.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Six be dismissed as procedurally barred

Ground Seven

In Ground Seven of his petition for federal habeas review, Petitioner alleges that trial counsel was ineffective for "failing to impeach testimony of Dr. Bethea who was used to bolster the credibility of the alleged victim, and giving information that was not scientifically researched or proven by documents." (Petition). Respondent asserts this claim is procedurally barred as it was not raised in the PCR application.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Seven  be dismissed as procedurally barred.

Ground Eight

In Ground Eight, Petitioner asserts that counsel was ineffective for failing to "present witnesses that could have acquitted the Petitioner's case on all charges." (Petition). Respondent argues this claim is procedurally defaulted.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Eight be dismissed as procedurally barred.


Ground Nine

In Ground Nine, Petitioner argues that counsel was ineffective for not impeaching "state's witness, Dr. Benedetto who was a Forensic Evaluator for the A.R.C. who impermissibly inflamed the minds of the jury and bolstered the credibility of the alleged victim." (Petition). Respondent argues this Ground is procedurally barred.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Nine be dismissed as procedurally barred.


Ground Ten

In Ground Ten, Petitioner alleges that trial counsel was ineffective for failing to challenge the "trial court's denying of directed verdict motion" and for not making a mistrial motion based

upon the trial judge's admonishing the prosecution, during Dr. Benedetto's testimony, not to present rape trauma evidence. Respondent argues this issue is procedurally defaulted.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Ten be dismissed as procedurally barred.

Ground Eleven

In Ground Eleven, Petitioner asserts trial counsel was ineffective because "counsel failed to argue inconsistent statements given as consistent from State's witnesses and vouching for the credibility of the witnesses, and bolstering inconsistent statements and States violation of motion to suppress elements that the petitioner was not in position of authority or custody in closing arguments by Solicitor." (Petition). Respondent asserts this issue is procedurally barred from review.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Eleven be dismissed as procedurally barred.

Ground Twelve

In Ground Twelve, Petitioner argues that counsel was ineffective because she failed to "confer with petitioner by filing a joint motion on behalf of the State and violating the petitioner's interstate agreement on detainers act contract and helping the state to prosecute him." (Petition). Respondent asserts that this was one of the issues raised by Petitioner and addressed by the PCR judge. However, Respondent argues the issue is procedurally defaulted because it was not raised in the <u>Johnson</u> Petition for Writ of Certiorari, and Petitioner did not raise the issue in his pro se response to the <u>Johnson</u> petition.

This issue was denied by the PCR court but was not raised on appeal in the <u>Johnson</u> petition or in Petitioner's *pro se* brief. Thus, this issue is procedurally defaulted. <u>Marlar</u>, <u>supra</u>; <u>Coleman</u>, <u>supra</u>. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Twelve be dismissed as procedurally barred.


<u>Ground Thirteen</u>

In Ground Thirteen, Petitioner asserts an issue of ineffective assistance of appellate counsel stating counsel "failed to argue all issues in the petitioner's transcripts that were very serious due process of law and constitutional violations that deprived petitioner of a fundamentally fair and full constitutional appeal." (Petition). Respondent asserts this issue is procedurally defaulted.

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court. <u>Marlar</u>, <u>supra</u>; <u>Coleman</u>, <u>supra</u>. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Thirteen be dismissed as procedurally barred.

30

Ground Fourteen

In Ground Fourteen, Petitioner alleges that his PCR hearing was fundamentally unfair because " . . . the state did not attempt to aid petition to his due process of rights to a fundamental full and fair PCR." (Petition). Petitioner asserts that PCR Judge's decision was erroneous and the decision was not decided on the merits. (Id.). Respondent argues that it appears Petitioner is complaining of defects in the PCR hearing which is not cognizable in federal habeas corpus.

As this issue pertains to errors in the PCR action, this issue should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir.1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, it is recommended that Ground Fourteen be dismissed.

Ground Fifteen

In Ground Fifteen, Petitioner alleges the Clerk of the South Carolina Supreme Court deprived him of the right to file a *pro se* document with regard to his petition for certiorari, while he was represented by counsel. Respondent argues that alleged defects in state PCR procedures are not cognizable. Further, Respondent argues that Petitioner did not have a right to submit a *pro se* document, other than his pro se response to the Johnson petition, because South Carolina does not permit hybrid representation.

31

It appears Petitioner is again alleging defects with regard to his PCR proceedings which are not cognizable in federal habeas review. As this issue pertains to errors in the PCR action, this issue should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. <u>Wright</u>, <u>supra</u>; <u>Bryant</u>, <u>supra</u>. Accordingly, it is recommended that Ground Fifteen be dismissed.

Ground Sixteen

In Ground Sixteen, Petitioner asserts that the South Carolina Supreme Court received an Order for the court to make 1) "Ms. Mary Perry, Sled; Aiken Clerk of Court; 3) Aiken Public Defender's office, 4) Aiken Solicitor's office to produce vital records for petitioner's case in State writ that was denied. In which deprived petitioner of a fundamentally fair writ of certiorari." (Petition). Respondent argues that this allegation appears to challenge Petitioner's efforts to make Freedom of Information Act requests or other informal discovery outside of the state PCR process, which only permits discovery in non-capital PCR cases upon a showing of good cause. Further, Respondent asserts that "[b]ecause this allegation does not challenge his convictions or sentence, it fails to state a claim upon which federal habeas corpus relief may be granted." (Memorandum, p. 63).

Petitioner appears to be rasing an issue with a document request he pursued during his PCR proceeding. As Petitioner has not stated a claim that is cognizable in habeas corpus, it is recommended that Ground Sixteen be dismissed.

Ground Seventeen

In Ground Seventeen, Petitioner alleges that he received ineffective assistance of collateral appellate counsel because his counsel, Ms. Carter, filed a <u>Johnson</u> petition on his behalf and did not raise other issues of merit which "deprived him of a fundamentally full and fair writ of certiorari."

The undersigned recommends that this issue be dismissed as "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i) (West Supp.2001). Moreover, deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. <u>Heyward v. Burtt</u>, 2007 WL 2021888 (D.S.C. July 6, 2007) *citing* <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 107 S.Ct. 1990 (1987); and <u>Bryant v. Maryland</u>, 848 F.2d 492, 493 (4th Cir.1988). Further, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. <u>See Wright v. Angelone</u>, 151 F.3d 151, 159 (4th Cir.1998). Accordingly, it is recommended that Ground Seventeen be dismissed, and Respondent's motion for summary judgment be granted as to this ground.

Grounds Eighteen

In Ground Eighteen, Petitioner argues that his appellate counsel and the PCR court reporter deprived him of a fundamentally fair writ of certiorari by altering his appendix transcripts and the State Supreme Court deprived him of a fundamentally fair writ of certiorari when Petitioner proved beyond a reasonable doubt that the transcripts were altered. Petitioner asserts defects in the PCR proceedings.

33

The undersigned recommends that this issue be dismissed as "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i) (West Supp.2001). Moreover, deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. Heyward v. Burtt, supra; and Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). Further, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone,supra. Accordingly, it is recommended that Ground Eighteen be dismissed and Respondents' motion for summary judgment be granted as to this ground.

Ground Nineteen

In Ground Nineteen, Petitioner alleges that the state supreme court deprived him of "a fundamentally fair writ of certiorari by not honoring his *pro se* brief that was filed December 29, 2009, and a subject matter jurisdiction amendment which was raised at the PCR hearing but not ruled on by the PCR judge." (Petition).

Again, this issue pertains to defects in the PCR proceedings and ineffectiveness of collateral counsel which are not cognizable issues on federal habeas corpus review. Deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. Heyward v. Burtt, supra; and Bryant v. Maryland, supra.   Additionally, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone,supra. Furthermore, as this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th

34

Cir.). Therefore, it is recommended that Ground Nineteen be dismissed and Respondent's motion for summary judgment be granted.

Ground Twenty

In Ground Twenty, Petitioner alleges that the state supreme court "violated petitioner's due process of law by not filing a pro se motion for extraordinary writ and motion to proceed in forma pauperis." (Petition). Respondent argues Petitioner is complaining about the state supreme court's refusal to permit open ended discovery which is without merit as the state PCR process only permits discovery in non-capital PCR cases upon a showing of good cause.  Therefore, Respondent argues that this allegation fails to challenge his conviction or sentence so it fails to state a claim upon which federal habeas corpus relief may be granted.

A habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone, supra.   Additionally, Petitioner has not raised a claim challenging his conviction or sentence by way of a violation of the Constitution or treaties of the United States. Therefore, the undersigned recommends that Ground Twenty be dismissed.

Ground Twenty-One

In Ground Twenty One, Petitioner alleges that counsel was ineffective for "failing to impeach testimony of alleged victim concerning inconsistent statements used as consistent and also vendetta against petitioner." (Petition). Respondent argues the allegation is procedurally defaulted under Coleman, supra.

35

This issue is procedurally defaulted as it was not raised and/or ruled upon by the PCR court.

Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Twenty-one be dismissed as procedurally barred.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Petitioner's motion for summary judgment (doc. #27) be DENIED, that Respondent's motion for summary judgment (doc. #43) be GRANTED, and that the Petitioner's Petition for Writ of Habeas Corpus be DENIED, and the petition dismissed without an evidentiary hearing.

It is further RECOMMENDED that Petitioner's motion for default judgment (doc. # 40) be DENIED and all outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 24, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.'**