IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Noel Gray, #307590, ) | C/A NO. 4:11-227-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden Robert M. Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

On February 15, 2012, the undersigned granted summary judgment to Respondent and dismissed this matter with prejudice. ECF No. 61. On February 27, 2012, the Clerk received objections from Petitioner, which were given to prison authorities on February 24, 2012. ECF No. 65-2 at 1. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner filings given to prison authorities deemed filed as of the date placed in prison mail system).[1]

The objections are untimely. However, out of an abundance of caution, after conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the

---

[1] On the same date these objections were received by the Clerk for filing, Petitioner filed a Notice of Appeal to the Fourth Circuit Court of Appeals. *See* ECF No. 66 (filed Feb. 27, 2012). "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, an exception to this general rule is that "a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991) (citations omitted). To this end, then, the court believes it retains jurisdiction to review Petitioner's objections.

Report and Recommendation of the Magistrate Judge, the court affirms its earlier ruling that Respondent is entitled to summary judgment. Petitioner's objections fail to show how the Report and Recommendation erred in its analysis or conclusion that Petitioner's claims are procedurally defaulted in this court.[2]

Accordingly, the court affirms its Opinion and Order entered February 15, 2012.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 28, 2012

---

[2] Petitioner indicates that "On February 15, 2012, the Magistrate Judge filed a Report and Recommendation Decision, hereinafter, "Report". . . . The Report recommends that Gray's habeas corpus petition be dismissed based on an analysis that Petitioner's six (6) claims for relief are procedurally defaulted." Obj. at 1 (ECF No. 65, filed Feb. 27, 2012). However, it appears Petitioner was aware that the filing made by this court on February 15, 2012, was an order dismissing this matter with prejudice, as he filed a contemporaneous Notice of Appeal to the Fourth Circuit Court of Appeals. *See* ECF No. 66 (filed Feb. 27, 2012).