IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Noel Gray, #307590, ) | C/A NO. 4:11-227-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden Robert M. Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* motion for relief from judgment under Rule 60. ECF No. 74. Petitioner seeks reconsideration of this court's order granting summary judgment to Respondent. Additionally, Petitioner has filed a "Motion for Reciprocal Discovery and Disclosure of Evidence . . . ." ECF No. 75.

**NOTICE OF APPEAL**

Plaintiff filed a notice of appeal to the Fourth Circuit Court of Appeals on February 24, 2012. ECF No. 66.[1] As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests

---

[1] The notice of appeal was received by the Clerk on February 27, 2012. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988).

1

before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988). "However, the district court possessed jurisdiction to modify the injunction under an exception to the general rule: '[A] district court does not lose jurisdiction to proceed as to matters in aid of the appeal.'" *Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (quoting *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991)).

### MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60

Petitioner moves for relief from judgment under Rule 60(b)(2), (b)(3), and (b)(4). For the reasons noted below, Petitioner's motion should be denied.

### RULE 60(B)(2)

Rule 60(b)(2) provides grounds for relief from a final judgment in the event of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Petitioner makes no showing of what "newly discovered" evidence he purports to have discovered; he merely argues that he has attempted to obtain "discovery" and that "[e]vidence will show that the state and trial counsel [were] hiding valuable and critical *Brady* materials" which Petitioner contends would have "vacated" his conviction. Mot. at 3. Therefore, Petitioner cannot find relief under Rule 60(b)(2).

### RULE 60(B)(3)

Federal Rule of Civil Procedure 60(b)(3) gives district courts the power to relieve a party from an adverse judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct *of an adverse party*." Fed.R.Civ.P. 60(b)(3) (emphasis added). In *Schultz v. Butcher*, the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630 (4th Cir.1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir.1981)).

Even where a moving party satisfies the *Schultz* three prong test, a district court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id*. Furthermore, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *Williams*, *supra*, 674 F.2d at 312-13 ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."). In considering a motion under Rule 60(b)(3), a district court retains the discretion to discern whether a moving party's allegations of unfair judgment are more properly classified as requests that the district court merely "change its mind." Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz*, 24 F.3d at 630.

Petitioner makes no showing of misconduct by Respondent. Therefore, his motion for relief under Rule 60(b)(3) is denied.

### **RULE 60(B)(4)**

Rule 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment

3

is void." Fed.R.Civ.P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. *United States v. Hartwell*, 448 F.3d 707, 722 (4th Cir. 2006). The Fourth Circuit Court of Appeals narrowly construes Rule 60(b)(4) precisely because of the threat to finality of judgments; "only when the jurisdictional error is egregious will the courts treat the judgment as void." *Id*. Petitioner has neither stated nor shown any egregious jurisdictional error. Therefore, his motion for relief under Rule 60(b)(4) is denied

### CONCLUSION

For the reasons stated above, to the extent this court retains jurisdiction over this matter after the filing of Petitioner's appeal, Petitioner's motions for relief from judgment and motion for reciprocal discovery are **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 1, 2012

4